IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANICE DAVIS,                                                    Civ. No. 09-649-AC

                              Plaintiff,                          OPINION AND
                                                                     ORDER

                v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                              Defendant.

_____

ACOSTA, Magistrate Judge:

*Introduction*

        Claimant Janice Davis ("Claimant"), having prevailed in her challenge to the Commissioner

of Social Security's ("the Commissioner") decision regarding her disability claim, moves for an

award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1]  The

Commissioner opposes the motion on the ground that its position was substantially justified.  For

_____

        [1] On December 28, 2011, the court granted Davis's unopposed motion for leave to file an
untimely EAJA application.  (Docket #21.)

OPINION AND ORDER                              1                                    {KPR}

the reasons below stated, the court grants Claimant's motion and awards Claimant EAJA fees in the

amount of $1,346.61.

*Legal Standard*

The Social Security Act provides:

> Except as otherwise specifically provided by statute, a court shall award to a
> prevailing party other than the United States fees and other expenses, in addition to
> any costs awarded pursuant to subsection (a), incurred by that party in any civil
> action (other than cases sounding in tort) . . . brought by or against the United States
> in any court having jurisdiction of that action, unless the court finds that the position
> of the United States was substantially justified or that special circumstances make an
> award unjust.

28 U.S.C. § 2412 (d)(1)(A) (2011). The Supreme Court has interpreted "substantially justified" to

mean "'justified in substance or in the main' – that is, justified to a degree that could satisfy a

reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). This is indistinguishable from

the standard adopted by the Ninth Circuit which requires a reasonable basis in both law and fact.

*Id*. The Commissioner bears the burden of proof and "must prove that [his] position had a

reasonable basis in both law and fact." *Yang v. Shalala*, 22 F.3d 213, 217 (9th Cir. 1994) (citing

*Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

The mere fact that the government did not prevail does not raise the presumption that it

lacked substantial justification. *Kali*, 854 F.2d at 332. The court should consider the totality of the

circumstances and, in doing so, "must look both to the position asserted by the government in the

trial court as well as the nature of the underlying government action at issue." *League of Women

Voters of California*, 798 F.2d at 1258. The reasonableness of the government action may be

informed by relevant precedent. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988) ("Perhaps the

most important of these extraneous circumstances will be the existence of precedent construing

similar statutes or similar facts." (citing *Pierce*, 487 U.S. at 569)).

*Background*

Claimant filed for Disability Insurance Benefits and Supplemental Security Income ("SSI") benefits on June 22, 1999.  The claim was denied initially and on reconsideration.  Claimant appeared on March 13, 2001, the date the hearing was initially scheduled, and was granted a postponement so that she could obtain representation.  On June 20, 2001, a hearing was held before an Administrative Law Judge ("ALJ"), who issued a decision on July 26, 2001, finding Claimant not disabled.

Claimant again filed for SSI benefits on July 24, 2003, alleging a disability onset date of February 1, 2001.  (Tr. 52-53.)  The claim was denied initially and on reconsideration.  Claimant filed a request for hearing, and a hearing was held on January 22, 2007.  A decision issued on June 14, 2007, found Claimant disabled between March 1, 2004, and November 20, 2006.  Claimant requested review by the Appeals Council.  This request was denied, making the ALJ's decision the final decision of the Commissioner.  A request for review was filed in this court on June 10, 2009.

The court reversed the ALJ's decision for erroneously applying Medical-Vocational Guidelines ("the grids") and, as a result, failing to consult a vocational expert.  As the court noted, the law is clear that where a claimant's impairments are exclusively non-exertional, the grids do not apply.  *See Polny v. Bowen*, 864 F.2d 661, 663-664 (9th Cir. 1988) ("But where, as here, a claimant's nonexertional limitations are in themselves enough to limit his range of work, the grids do not apply, and the testimony of a vocational expert is required to identify specific jobs within the claimant's abilities.").  Thus, the ALJ's error is one of law.

The court affirmed the rest of the ALJ's findings, however.  It found that the ALJ's rejection

of the findings of Dr. LeBray, Dr. Pitchford, Gorman, and Dr. Balasubramanian was not erroneous, as the ALJ met the applicable standards for doing so in each case. The court also affirmed the ALJ's finding as to Claimant's residual functional capacity ("RFC") as supported by substantial record evidence. Finally, the court affirmed the ALJ's finding that Claimant was only partially credible as properly based on clear and convincing reasons.

*Discussion*

The parties do not dispute that Claimant, having won reversal of the ALJ's decision, is the prevailing party. The parties do dispute whether the Commissioner's position in opposing Claimant's request for review was substantially justified. The Commissioner argues that its position was reasonable in law and fact and, therefore, substantially justified. Claimant argues that she demonstrated that the ALJ committed reversible legal error and that in defending this legal error the Government's position was not substantially justified. The Commissioner further argues that, to the extent the court finds its position not substantially justified, that the court should apportion fees in recognition of the limited nature of Claimant's success.

I.    Substantial Justification

In the Ninth Circuit, the law is clear: "Where a claimant suffers only non-exertional limitations, the grids are inappropriate, and the ALJ must rely on other evidence." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006) (citing *Cooper v. Sullivan*, 880 F.2d 1152, 1155 (9th Cir. 1989)); *see also Tackett v. Apfel*, 180 F.3d 1094, 1104 (9th Cir. 1999) (where "non-exertional limitations 'significantly limit the range of work' [a claimant] can perform, mechanical application of the grids was inappropriate." (citing *Derosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 577-578 (9th Cir. 1988)); *see also Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988)

("When a claimant's non-exertional limitations are 'sufficiently severe' so as to significantly limit the range of work permitted by the claimant's exertional limitations, the grids are inapplicable") (citing *Derosiers*)).  Here, Claimant's limitations were exclusively non-exertional and it was not reasonable for the ALJ to apply the grids and also not reasonable for the Commissioner to oppose reversal on this basis.  Accordingly, the Commissioner's position was not substantially justified.

The Commissioner cites *Williamson v. Astrue*, No. 3:09-CV-6156-BR, 2012 WL 75036, at *2 (D. Or. Jan. 10, 2012), for the proposition that remand on a narrow issue will not render the Commissioner's position unjustified.  In that case, Judge Brown affirmed the ALJ's decision denying benefits and, on appeal, the Ninth Circuit affirmed much of the district court ruling, but remanded the case to the ALJ "to reevaluate Plaintiff's RFC and to include Plaintiff's limitations in concentration, persistence, and pace."  *Id*. at *3.  In evaluating the claimant's EAJA petition, the court agreed with the Commissioner that the Ninth Circuit substantially affirmed its opinion and, in doing so, upheld the majority of the ALJ's decision.  Thus, because the "Ninth Circuit remanded as to a limited issue and for a specific purpose[,]" the court concluded that the Commissioner's position was substantially justified and denied the motion for attorney fees under the EAJA.  *Id*.

The Ninth Circuit has resisted, however, taking a broad view of the disability proceedings to determine whether the Commissioner's position was substantially justified.  In *Lewis v. Barnhart*, 281 F.3d 1081 (9th Cir. 2002), the Ninth Circuit clarified the scope of the government's position that must be "substantially justified" to avoid an award of attorney fees, citing its decisions in *Flores v. Shalala*, 49 F.3d 562 (9th Cir. 1995) and *Corbin v. Apfel*, 149 F.3d 1051 (9th Cir. 1998).  The *Lewis* court rejected an analysis of "substantial justification" based on whether the government's position was reasonable in light of the ultimate disability determination and focused its attention on the

reasonableness of the basis for remand.  In *Flores*, the court held that the claimant "was entitled to attorneys' fees unless the Secretary showed that her position with respect to the issue on which the court based its remand was 'substantially justified.'"  49 F.3d at 569.  *Corbin* similarly required the court to "focus on the reasonableness of the Commissioner's position in the remand proceedings instead of the reasonableness of the Commissioner's position in the full range of proceedings related to the disability determination."  *Lewis*, 281 F.3d at 1085.  Furthermore, the Ninth Circuit has observed that review involves examining both the reasonableness of the ALJ's position and the position taken by the Commissioner in the subsequent litigation:  "EAJA defines the government's 'position' as both the position of the government taken in the litigation and 'the action or failure to act by the agency upon which the civil action is based.'"  *Thomas v. Peterson*, 841 F.2d 332, 336 (9th Cir. 1988) (quoting 28 U.S.C. § 2412(d)(2)(D)).

Here, the legal issue upon which remand was based is clear and the ALJ unquestionably erred.  In arguing to the contrary, the government's position was not substantially justified and an award of EAJA fees is appropriate.

II.    Apportionment of Fees

The Commissioner argues that the amount of fees awarded should be reduced to account for Claimant's limited success.  The framework for this analysis is set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), wherein the Supreme Court considered whether attorney fees awarded under 42 U.S.C. § 1988 should be reduced where the plaintiff had only limited success.  This approach has since been extended to fees available under the EAJA.  *See Commissioner v. Jean*, 496 U.S. 154, 160-161 (1990) ("As we have held in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the 'prevailing party' requirement is 'a generous formulation that brings the plaintiff only across the statutory

threshold. It remains for the district court to determine what fee is "reasonable."' Similarly, once a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*." (internal citations omitted)).

In *Hensley*, the court acknowledged that fees should be reduced where the plaintiff has pursued unsuccessful claims unrelated to the successful claim upon which the award of fees is premised. *Id.* at 434-435. However, where the successful and unsuccessful claims are related, the court should focus on the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435. The Court described the circumstances that would justify awarding fees in full, despite only partial success:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Id.*

The Court explained that this may not always be the case and that the district court retains the discretion to reduce fee awards for related unsuccessful claims where it simply is not reasonable under the particular circumstances: "This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained."

*Id.* at 436.

Determining reasonableness in a social security context differs from evaluating fee requests in other contexts because there is a single claim, for disability benefits, but a claimant may assert numerous errors by the ALJ in challenging denial of that claim. This raises the question: should the district court parse the underlying claim and award fees only for those arguments upon which the claimant prevailed? Courts have taken different positions on this issue, as highlighted by two decisions from this district.

In *Dschaak v. Astrue*, 3:10-CV-1010-PK, 2012 U.S. Dist. LEXIS 50826, at*1 (D. Or. Mar. 19, 2012), the district court reversed and remanded a disability claim for further proceedings "to include an additional consultative examination[.]" In evaluating a subsequent petition for EAJA fees, the court held that the Commissioner's position was not substantially justified where several of the ALJ's conclusions had no reasonable basis in fact. In determining an award of reasonable attorney fees, the court cited *Hensley* for the general proposition that a reasonable fee award will not include hours unreasonably expended: "It is the fee claimant's burden to demonstrate that the number of hours spent was 'reasonably necessary' to the litigation and that counsel made 'a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary.'" *Dschaak*, at *7. After reviewing Dschaak's fee petition, the court concluded that the hours expended on the case were reasonably necessary and granted the fee petition in full. Notably, the court did not address whether Dschaak was completely successful, though it did cite *Hensley* and its restriction of fees where a party has only limited success.

In *Jackson v. Astrue*, No. CV 09-989-MO, 2011 U.S. Dist. LEXIS 73499 (D. Or. June 28, 2011), the court took a different approach. There, the court identified four bases upon which the

claimant asserted error by the ALJ.  The claimant was successful on only one basis, and the court awarded fees only for assignments of error sufficiently related to the successful basis, ultimately reducing the requested fees by twenty-five percent.

The court agrees with the approach taken in *Jackson* as it is more closely aligned with the dictate of *Hensley* which differentiates between successful claims and claims that are both unsuccessful *and* unrelated to the claims upon which the plaintiff prevailed.  "Claims are related if they have a 'common core of facts' or are 'based on related legal theories.'"  *Jackson*, at *12 (quoting *Hensley*, at 435).  Here, the ALJ erred in applying the grids to Claimant's non-exertional impairments and the court remanded the claim for reconsideration on that basis.  Even so, the court found no error in the balance of the ALJ's findings, and affirmed the ALJ's analysis of the physicians' opinions, formulation of Claimant's RFC, and evaluation of Claimant's credibility.  The ALJ's technical error in applying the grids to Claimant's exclusively non-exertional impairments was unrelated to the more discretionary determinations upheld by this court as it was purely legal and did not rest on the evidentiary record as did the other assignments of error.  As such, the court must apportion the fees awarded Claimant consistent with *Hensley* and exclude fees attributable to the unsuccessful and unrelated arguments proposed by Claimant.[2]

Consistent with the approach taken in *Jackson*, the court observes that Claimant asserted five errors by the ALJ and prevailed on only one.  Having determined that Claimant's unsuccessful

---

[2] In *Jackson*, the court found that two of Claimant's three unsuccessful arguments were related to the one successful argument and, thus, reduced the fee by twenty-five percent.  The court's ensuing discussion as to whether the fees sought for the successful and related arguments should be awarded in full is separate from its disallowance of fees for unsuccessful and unrelated claims.  The court was explicit:  "Thus, I find that this unsuccessful claim is not related to plaintiff's prevailing claim, and the fee award *may not* include time expended on this claim."  *Id.* at 14 (emphasis added).

arguments were uniformly unrelated to the successful argument, the court awards fees for only that ground upon which Claimant prevailed. Accordingly, the fees available to Claimant are reduced to one-fifth the amount sought.

This apportionment is case-specific and should not be interpreted as an endorsement of reducing fees by simply calculating the percentage of all claims represented by the successful claims, then awarding that percentage of the fees requested. Here, the ALJ's technical error in applying the grids was not the primary issue that overshadowed all others raised by Claimant. Instead, it was one of five issues Claimant presented with equal importance and effort to that used to advance the other four alleged errors. Thus, on this record, an award of twenty percent of the total requested is appropriate.

III.    Reasonableness of Hours and Rate

The Commissioner does not object to the amount of fees sought, beyond arguing for their apportionment. Even so, the court must independently analyze the fee petition for reasonableness. *Dschaak*, 2012 U.S. Dist. LEXIS at *7 (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1400-1401 (9th Cir. 1992)). "There is some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Commissioner of Social Security*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007). Here, Claimant's attorney seeks fees for thirty-three hours of work in the underlying case and preparation of the EAJA petition, the preparation of which is also compensable. *See Kelly v. Bowen*, 862 F.2d 1333, 1334 (8th Cir. 1988) ("We think the time spent preparing the EAJA fee application should be compensable under the EAJA because it is 'necessary for the preparation of the party's case.'" (citing 28 U.S.C. § 2412(d)(2)(A))). For these thirty-three hours, Claimant's attorney seeks reimbursement at the rate

of $172.85 per hour.  By the court's calculation,[3] the hourly rate for the period of time Claimant's attorney was preparing the challenge to the denial of benefits is between $171.19 and $180.58.

Claimant also seeks reimbursement for the subsequent 5.7 hours spent defending its motion for EAJA fees, which are also compensable.  *See Commissioner v. Jean*, 496 U.S. 154, 162 (1990) ("We find no textual or logical argument for treating so differently a party's preparation of a fee application and its ensuing efforts to support that same application.")  At the time this work was performed, the hourly rate was $181.97.  For these hours, Claimant seeks a rate of $180.53 per hour.

 Having reviewed the itemized invoices, the court considers the time expended and rates sought reasonable.  As such, the court approves Claimant's request for attorney fees pursuant to the EAJA in an amount equal to one-fifth of the fees requested.

### Conclusion

For the reasons stated, Claimant's Motion for EAJA Fees is GRANTED in part and the court awards Claimant attorney fees in the amount of $1,346.61.  Said fees shall be made payable to Claimant's counsel.

IT IS SO ORDERED.

DATED this 8th day of August, 2012.

_____/s/ John V. Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge

---

[3] "In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of $125 may be justified to account for inflation.  The COLA adjustment to the statutory cap is computed by multiplying the cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress."  *Hollingshead v. Astrue*, 2008 U.S. Dist. LEXIS 120697 (E.D. Cal. June 18, 2008) (citing *Roman-Sepulveda v. INS*, 863 F.2d 1458, 146301464 (9th Cir. 1988); *Russell v. Sullivan*, 930 F.2d 1443 (9th Cir. 1991)).