IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JANICE DAVIS,                                             Civ. No. 3:09-cv-00649-AC

            Plaintiff,                                    OPINION AND
                                                                           ORDER
    v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

            Defendant.

_____

ACOSTA, Magistrate Judge:

      This court previously awarded attorney fees to Janice Davis ("Claimant") under the Equal Access to Justice Act ("EAJA"). The court found that the Administrative Law Judge ("ALJ") had erred in applying the Medical Vocation Grids ("the grids") to Claimant's exclusively non-exertional impairments, contrary to applicable law. Having determined that the Commissioner's position on this point was not substantially justified, the court concluded that Claimant was entitled to attorney fees under the EAJA.

      The court apportioned the total fees sought, awarding only those fees associated with the assignments of error upon which Claimant was successful. The court stated that it would also award

fees for those assignments of error that were unsuccessful but were sufficiently related to the ground upon which Claimant prevailed. *See* Opinion and Order (#27) at 6-10 (for detailed discussion of apportionment). The court concluded that none of Claimant's other assignments of error met this standard, and awarded fees only for the erroneous application of the grids.

Presently, Claimant moves for reconsideration of this apportionment. Specifically, Claimant cites the court's decision on the underlying disability claim, noting that the court ruled in her favor both as to the grids and the resulting failure of the ALJ to consult a Vocational Expert. Claimant cites this court's decision wherein it stated: "Here, the ALJ determined that Claimant suffered from depression and bipolar disorder, both of which are non-exertional impairments. Accordingly, the ALJ was not permitted to apply the grids to determine whether Claimant was disabled and, in doing so, the ALJ erred. It follows that the ALJ also erred in failing to consult a vocational expert." (Opinion and Order (#17) at 13.)

Claimant is correct. The court did in fact rule in her favor of two of five grounds in its underlying decision. Furthermore, having determined that the ALJ's error with respect to the grids and the Commissioner's defense of said error were not substantially justified, it follows that the resulting failure to consult a Vocational Expert was similarly unjustified. As such, the EAJA fees should be apportioned in an amount two-fifths of the original fee request.

The court hereby awards EAJA fees in the amount of $2,963.23, to be made payable to Claimant's counsel.

IT IS SO ORDERED.

DATED this 10th day of October, 2012

                                                 /s/ John V. Acosta
                                                JOHN V. ACOSTA
                                            United States Magistrate Judge