UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JANICE DAVIS,

          Plaintiff,

v.

CAROLYN COLVIN, Acting
Commissioner of Social
Security Administration,

          Defendant.

Case No.: 3:09-CV-00649-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

*Introduction*

Before the court is Janice Davis's ("Davis") unopposed Motion for Attorney Fees under 42 U.S.C. § 406(b). A court may award attorney fees to the attorney of a successful Social Security claimant, so long as the award is "a reasonable fee for such representation" and is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. §

406(b)(1)(A). Although Davis is the claimant in this case, the real party in interest to this motion is her attorney Rory Linerud ("Linerud"). The Commissioner of the Social Security Administration ("Commissioner") does not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n. 6 (2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes a fee award of $6,333.67 is reasonable.

*Procedural Background*

Davis filed for Supplemental Security Income ("SSI") benefits on June 22, 1999. *Davis v. Astrue*, Civil No. 09-649-AC, 2011 WL 31081, *1 (D. Or. Jan. 5, 2011). Her claim was denied initially and on reconsideration. (*Id.*) Davis requested, obtained, and appeared for a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) The ALJ issued a decision on July 26, 2001, finding Davis not disabled. (*Id.*) The Appeals Council denied Davis's timely request for review, making the ALJ's opinion the Commissioner's final decision. (*Id.*) A request for reivew was filed in this court on June 10, 2009. (*Id.*)

The court reversed the ALJ's decision for erroneously applying Medical-Vocational Guidelines ("the grids") and failing to consult a vocational expert. (*Id.* at *10). The court affirmed the remainder of the ALJ's findings. (*Id.*) The court's reversal resulted in the Commissioner awarding Davis $42,721.56 in back SSI payments. (Pl.'s Mem. 1, ECF No. 34-1).

*Discussion*

The parties do not dispute that Davis is the prevailing party in this matter. The Commissioner does not challenge the amount Linerud requests as attorney fees. However, because the Commissioner does not have a direct stake in the allocation of Davis's attorney's fees, the court

must ensure the calculation of fees is reasonable to prevent Linerud from potentially receiving a windfall. *See Gisbrecht*, 535 U.S. at 798 n.6 ("We also note that the Commissioner of Social Security here . . . has no direct financial stake in the answer to the § 406(b) question.").

After entering a judgment in favor of a Social Security claimant represented by counsel, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. §406(b)(1)(A). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, at *7 (D. Or. Dec. 23, 2009), adopted 2010 WL 1029809 (March 17, 2010) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). A section 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan*, 2009 WL 6067058, at *7. Accordingly, when a court approves both an EAJA fee and a section 406(b) fee payment, the claimant's attorney must refund to the claimant the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

I. Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. In the motion for attorney fees, Linerud requests the court award $10,329.89, just under twenty-five percent of Davis's retroactive-benefit award. Because Linerud received a $2,963.23 fee award under the EAJA, that amount will offset part of the $10,329.89 award if the court rules in his favor. Thus, $7,366.66 is the total amount at issue.

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected." *Id.* at 793, 807. The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808). The four factors considered by the Ninth Circuit when evaluating the requested fee's reasonableness, as derived from the Court's analysis in *Gisbrecht* are:

1. the character of the representation, specifically, whether the representation was substandard;
2. the results the representative achieved;
3. any delay attributable to the attorney seeking the fee; and
4. whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

*Crawford*, 586 F.3d at 1151-53 (citations omitted). In *Crawford*, the Ninth Circuit also identified the risk inherent in contingency fee representation as an appropriate factor to consider in determining a section 406(b) award. However, the court reiterated it is not the risk of taking contingency cases generally, instead, "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." 586 F.3d at 1153.

*A. The Character of the Representation*

Substandard performance by a legal representative may warrant a reduction in a section 406(b) fee award. *Crawford*, 586 F.3d at 1151. The record in this case provides no basis for a reduction in the requested fee due to the character of Linerud's representation.

///

*B. Results Achieved*

The court reversed the ALJ's decision and Davis subsequently received an award of benefits, a positive result.

*C. Undue Delay*

A court may reduce a section 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. Here, Davis's opening brief was timely filed on March 9, 2010, and no extensions were requested prior to filing. Linerud filed an untimely EAJA fee motion. However, the reasons for the untimeliness were extenuating in that Linerud suffered very serious medical complications and the result did not prejudice his client's case. Accordingly, there is nothing in the record to suggest that there was a material delay attributable to Linerud. A reduction of Linerud's fee request is unwarranted under this factor.

*D. Proportionality*

A district court may reduce a section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

Davis cites *Breedlove v. Astrue*, 3:07-CV-1743-AC, 2011 WL 2531174 (D. Or. Mar. 15, 2011), wherein the court affirmed a fee agreement that resulted in an effective hourly rate of $1,041.84. Davis also points to several cases decided by this court in which the effective hourly rates awarded range from $982.00 to $1,491.25 per hour. Specifically, Davis states that "the fee requested herein is a much lower effective hourly rate than in *Breedlove*." (Pl.'s Mem. in Supp. of Atty's Fees 4, ECF No. 34.) However, because Linerud "has not taken a case on a non-contingent

basis for several years," he provided "no hourly rate for purposes of comparison." (*Id.* at 3.) In sum, Linerud argues "there is no windfall to the attorney herein if the court awards the requested fee," although he provides no evidence of how much time he spent on the case, nor an estimate of an hourly rate for the requested fee. (*Id.* at 4.)

Linerud filed an eighteen-page opening brief asserting five grounds on which the ALJ allegedly committed error, all of which were arguments routinely asserted in similar cases. By Linerud's own admission, "[t]his case represented an average risk case, and involved many of the issues seen in similar proceedings." (*Id.* at 2.) Davis prevailed on the argument regarding the ALJ's erroneous application of the grids and subsequent failure to consult a vocational expert. Thus, this case was one of average difficulty and the briefing submitted was less extensive than in other cases, but not substantially so.

Generally, "district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases." *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (citing *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000)). The Ninth Circuit has established that "[w]hile district courts may consider this fact in determining the reasonableness of a specific fee request, courts cannot drastically reduce awards simply because the attorney has requested compensation for more than forty hours or make reductions with a target number in mind." *Id.* However, district courts may impose reductions of no greater than ten percent in their discretion without further explanation. *Id.* (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

In the Upper Willamette Valley, where Linerud practices, attorneys with Linerud's amount of experience in private practice bill at an average rate of $243 per hour. Oregon State Bar 2012

Economic Survey, 28-33, Oregon State Bar (2012) *available at* www.osbar.org/ docs/resources/Econsurveys/12EconomicSurvey.pdf. Attorneys, such as Linerud who represent plaintiffs in civil litigation in the Upper Willamette Valley bill at an average rate of $201 per hour. *Id.* Given the amount Linerud is seeking and the average range of 20-40 hours for a typical social security case, Linerud's effective hourly rate ranges from $258.25 to $516.50.[1]

As a result of Linerud's efforts, Davis is entitled to $42,721.56. Linerud seeks $10,329.89 in compensation, which represents 24.2% of Davis's past-due benefits. Linerud's effective hourly rate, although higher than average rates, is not unreasonable considering the contingent nature of the case. Further, Linerud's requested fee represents 24.2% of Davis's award while the statute permits up to a 25% award of attorney fees. For these reasons, the court will not substantially reduce Linerud's fee award.

However, Linerud failed to satisfy his burden of proving his fee's reasonableness in that he failed to provide the court with time records or an estimated hourly rate for his services. Thus, the court will exercise its discretion and apply a ten percent "haircut" to Linerud's fees.[2] *See Moreno v. City of Sacramento*, 534 F.3d at 1112 ("[T]he district court can impose a small reduction, no greater than 10 percent - a "haircut" - based on its exercise of discretion and without more explanation.").

### E. Risk

The nature of contingency work is a factor to be considered when evaluating risk under *Crawford*, but the risk analysis should focus on the complexity and risk involved in the specific case

---

[1] Total fees sought by Linerud is $10,329.89/(20-40 hours) = $516.50-$258.25 per hour.

[2] ($10,329.89 total fees/.1) = $1,032.99 Reduction.

at issue . . . ." 586 F.3d at 1153. Davis points to no substantial risks to this case. As a result, the court finds that the degree of risk was typical and does not weigh either for or against a reduced fee award.

## *Conclusion*

For the reasons stated, Plaintiff's Motion for Attorneys' Fees pursuant to 42 U.S.C. § 406(b) (Dkt. No. 34) is GRANTED in part and DENIED in part and a § 406(b) fee of $6,333.67 shall be awarded to Mr. Linerud.[3]

IT IS SO ORDERED

Dated this 20th day of January, 2015

JOHN V. ACOSTA
United States Magistrate Judge

---

[3] $10,329.89 Total fees requested - $2,963.23 EAJA fee award - $ 1,032.99 Reduction = $6,333.67.

PAGE 8 - OPINION AND ORDER                                          {JGJ}